Sarah and Ryan Petersen
45 Madeiros Circle
Sun Valley, NV 89433
(775)223-7230

ORIGINAL

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NORTHERN NEVADA

IN RE:    Ryan & Sarah Petersen

          Debtors,

Case No. 08-51473-GWZ
Chapter 7

Ryan & Sarah Petersen,
          Plantiffs,

vs.

CM Retail Management
985 Damonte Ranch Parkway
Reno, NV 89521

dba

Cash 1 L.L.C.N.V.

          Defendant

Adv. Proc. No.

## COMPLAINT

COMES NOW, the plaintiffs, Ryan and Sarah Petersen, and allege and aver as follows:

### I

That this Court has jurisdiction pursuant to Federal Bankruptcy Code 362 et. seq.

### II

That we are the debtors in case number 08-51473-gwz, and filed an voluntary petition on 8/20/08, Listing "CASH1 LLCNV" (herein after defendant) as a creditor.

### III

That notice of said voluntary petition was hand delivered to defendant on 8/22/08 and sent by the clerk's office as with any other creditor.

### IV

That said notice contained the conditions including but not limited to the "automatic stay" provisions of Title 11 s362.

### V

That the defendant was given proper notice via hand delivery, court mailed instruction and further advised via telephone on 8/24/08 to have said defendant stop automatic deposit of check #666.

### VI

That defendant willfully and with intent to collect on a debt filed under US Bankruptcy, electronically deposited check #666 on 8/27/2008 in the amount of $590.00 that was returned by debtors bank for NSF (non sufficient funds).

### VII

That on 8/28/08 debtors agreed to restitution of $39.00 and picked up a letter stating the account had been settled from CASH 1 LLCNV, signed by Cash 1 authorized agent. (Exhibit A)

### VIII

That on 10/10/2008 defendant again attempted to collect $590.00 for check #666 on an account that by defendants own admission was settled, and automatic stay provisions still in effect. There were not sufficient funds to cover the amount sought.

### IX

That on 10/10/08, one minute after the last transactions, the defendants willfully knowingly and with gross neglect changed the amount of withdraw from $590.00 to the amount of $150.00 which was collected successfully out of debtors account, over drawing debtors account, and caused debtors account to accumulate additional fee's and penalties.

### X

That Cathy from CM Retail Management acknowledged this violation during a telephone conversation on 10/10/2008, and stated that it was human error between their company's departments.

### XI

That on 10/13/08, Cathy from CM was given a verbal communication and was also given a letter offering settlement of this issue, but refused to agree to the settlement set forth by the debtors. (Exhibit B)

### XII

Cash 1 LLCNV and their representatives knew that they were violating the automatic stay pursuant to Title 11 §362, on the 10th day of October 2008 when said violation occurred.

### XIII

On all dates and times herein mentioned, CASH 1 LLCNV and their agents did knowingly, willfully and with wanton, disregard the debtors rights and this courts orders pursuant to Title 11 §362, which caused severe damage to the debtors.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs prays for judgment as follows:

1. Judgment for the maximum amount allowed by law.
2. Whatever else the court deems just and proper in their premises.

We swear under the penalty of perjury of the laws of the State of Nevada that the above is true and correct of our own personal knowledge.

Dated: 10-14-08                By Plantiff: _Ryan Roland_

Dated: 10-14-08                By Plantiff: _Jacob Petersen_

## Declaration of Ryan & Sarah Petersen

1. We are the debtors in the above entitled action.

2. That we hand delivered a true and correct copy of the voluntary petition to the defendant on 8/22/08.

3. That said notice contained conditions including but not limited to the automatic stay provisions in Title 11 §362.

4. That on 8/24/08, Ryan Petersen advised agent of Cash 1 LLCNV via telephone not to deposit check #666.

5. That on 8/27/08 defendant deposited that check for $590.00.

6. That on 8/28/08 defendants admitted their error, paid debtors $39.00 check fee and gave debtors a signed letter stating the account had been settled. See Exhibit A.

7. That on 10/10/08 defendant and their agents again attempted to collect on check #666 in the amount of $590.00 by electronically depositing the check again.

8. That on 10/10.08, one minute later, defendants and their agents changed the amount to be collected from $590.00 to the amount of $150.00.

9. That on 10/10/08 defendants and their agents successfully collected this amount of $150.00.

10. That on 10/10/08 debtors account accrued charges, fees, and penalties, thereby damaging plaintiffs account and credit rating.

11. That on 10/10/08 defendants and their agent Cathy acknowledged this violation and damage, during a telephone conversation.

12. That on 10/13/08 defendants and their agent Cathy were given verbal and written notice of settlement. See Exhibit B.

13. That on 10/13/08 defendant and their agent Cathy refused offered settlement.

14. That defendant and their agents have failed and refused to settle this issue.

We swear under the penalty of perjury of the laws of the State of Nevada that the above is true and correct of our own personal knowledge.

Dated: _10-14-08_          By Plantiff: _Ryan Petix_

Dated: _10-14-08_          By Plantiff: _Sarah Petersen_

August 28, 2008

Accounting & Collections Dept and Whomever this May Concern:

Customers's Ryan and Sarah Petersen had their Payday loan Check No. 666 deposited on 8/25/2008, face value $590.00. They are in the process of filing bankruptcy and they hand delivered their notice to us in advance. They have accepted the reimbursement of their Colonial Bank Overdraft fee and Return Check fee totaling $39 to settle their account with us.

*[signature]*

Cash 1 authorized Agent

*[signature]*

Mr Ryan or/Ms. Sarah Petersen

TO:
Cathy (Cash 1 Representative)
C.M. Retail Management
985 Damonte Ranch Pkwy Ste:206
Reno, Nevada. 89521

From:
Ryan Petersen
45 Madeiros Circle
Sun Valley, NV 89433
(775) 224-8857

Cathy,

Pursuant to our conversation on 10/10/2008 @ 10:14 a.m., I am informing your company of this situation by letter. I told you that this was a willful attempt to collect a debt protected under Federal Bankruptcy and that it is the second time your company has done so. When you said that it was human error and it was a mistake, you made it sound like this action will keep taking place because the separate departments of CASH 1 L.L.C.N.V. are not communicating. After I told you that this is the second time this has happened and mentioned that we had a letter from CASH 1 stating so, you sounded concerned and still tried to make it appear unintentional. The only solution you proposed was to reimburse the fee you charged to my bank account ($150.00), and did not offer any comfort in knowing that it would not happen again. At that time I informed you that it would take more than just returning the money taken from me illegally, and I left the amount up to you to determine. You were going to work on the situation and try to compensate me per my request, so we may keep this matter away from the courts. I will still give you that opportunity.

I am willing to settle this matter immediately, for at least $2,000.00, without the intervention of the courts. If you do not agree to this amount, then I will file an adversary and seek restitution for the maximum allowed by the courts, for your company's gross negligence in handling my situation.

Ryan Petersen